# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11094
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BERNARD J DOLENZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2053

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bernard J. Dolenz was convicted in 1998 of 12 counts of mail fraud and was ordered to pay $1,680,501.47 in restitution under the Mandatory Victims Restitution Act (MVRA). See United States v. Dolenz, 2000 WL 1239090 (5th Cir. Aug. 4, 2000) (unpublished) (affirming convictions). As the restitution order remained unpaid, the government obtained a writ of attachment of Dolenz's personal property located at 6102 Swiss Avenue, Dallas,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas, pursuant to the Fair Debt Collection Practices Act (FDCPA). Dolenz had advised his probation officer that the property had been sold to Anis Rahman, so the government filed a motion to determine ownership of the property. After the writ of attachment was executed, Dolenz filed a motion for emergency stay. The district court convened a hearing. The motion was granted in part and denied in part. Dolenz then filed a motion for return of property seized wrongly. Dolenz's request for a jury trial was denied. At the ensuing bench trial, Dolenz contended that the property belonged to the Bernard J. Dolenz Trust (Dolenz Trust).

The district court found that Dolenz was the owner of all of the attached property not previously ordered returned. The district court determined that Dolenz's transfer of the property to Rahman was fraudulent and that the Dolenz Trust did not prevent the attachment or execution of Dolenz's personal property. The district court denied Dolenz's motion for return of property seized wrongfully. Dolenz timely filed a notice of appeal from the district court's order, and his motion for leave to proceed in forma pauperis (IFP) on appeal was denied.

Dolenz now has applied to us for leave to proceed IFP on appeal. We construe Dolenz's IFP motion to us as a challenge of the district court's certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Dolenz contends that the statute of limitations has run, invoking 28 U.S.C. §§ 2462, 3304, and 3306. He improperly attempts to incorporate by reference the arguments in the amicus brief filed in the district court by the trust benficiary, who is not a party to this proceeding. See Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993).

By its terms, § 2462 applies only to the enforcement of a civil fine, penalty, or forfeiture. See § 2462; see also 18 U.S.C. § 3613(b) & (f). The government's action seeking to set aside a fraudulent bill of sale between Dolenz and Rahman was brought under § 3304(b)(1)(A), which specifies:

> A claim for relief with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless action is brought—
>
> > (1) under section 3304(b)(1)(A) within 6 years after the transfer was made or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant.

§ 3306(b)(1). The government learned of the bill of sale when it was disclosed by Dolenz to the Probation Officer on October 12, 2005, five days before the government filed the writ of execution. There is no nonfrivolous issue with respect to whether the action was barred by a statute of limitations.

Dolenz contends that the district court erred in determining that he was the owner of the seized property. Although Dolenz mentions the sale of the property to Rahman in his factual recitation, he does not contend in his legal argument that the district court erred in determining that the sale was a fraudulent conveyance under § 3304(b)(1). We have determined previously that Dolenz's pro se pleadings are not entitled to liberal construction. See Dolenz, 2000 WL 1239090 at *1 n.2.

Dolenz urges instead that the property belonged to the Dolenz Trust, which he created prior to the date of the restitution order. He insists also that, on April 14, 2005, in his capacity as trustee, he conveyed the Swiss Avenue residence to "the [Universal Life Church] of Texas, d/b/a Community of His Divine Mercy." He complains that his residence was damaged by the government and that he "has not owned much more than his clothes, some books, [and] medications since 1985, and has subsisted on reasonable necessaries provided by the church for his efforts."

The district court noted that "[t]he language of the trust instrument describes Dolenz's real property at 6102 Swiss Avenue and states that Dolenz 'will hold said real property and of [his] right, title and interest in and to said property and furniture, fixtures, and personal property situated therein on the date of [his] death, IN TRUST." The district court determined that this

language "clearly considers primarily the real property of Dolenz and incidentally his personal property located there upon his death, not his current personal property." The district court noted that the trust instrument did not prohibit Dolenz from disposing of his personal property. The district court found that, after the formation of the trust, Dolenz had acted as if he were the owner of the attached property. Rahman did not appeal the district court's order and the church did not intervene in that court. Dolenz's conclusional argument does not demonstrate that there is a nonfrivolous issue with respect to these findings and conclusions.

Dolenz further contends that the district court erred in denying his request for a jury trial. In rejecting Dolenz's motion for a jury trial, the district court noted that the writ of attachment was a post-judgment remedy under the FDCPA. Citing United States v. Rostoff, 164 F.3d 63, 70–71 (1st Cir. 1999), the district court reasoned that "[t]he portion of the FDCPA concerning attachment does not provide for a jury trial, nor does this procedure to facilitate penal restitution implicate Seventh Amendment jury rights." Dolenz attempts to distinguish Rostoff and argues that the FDCPA does not expressly exclude a jury trial, and asserts that he has a right to a jury trial under the Texas constitution. Dolenz has not shown that he will present a nonfrivolous issue with respect to the district court's denial of his request for a jury trial.

As Dolenz has not shown that the district court erred in its certification decision, see Baugh, 117 F.3d at 202, IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. See id. at 202 n.24; 5TH CIR. R. 42.2.